(No. 78-CC-1863-)

Gust K. Newberg Construction Co., an Illinois corporation, and Del Construction Co., an Illinois corporation, a joint venture, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed January 5, 1984.*

Carey, Filter & White (Edward M. White, of counsel), for Claimant.

Neil F. Hartigan, Attorney General (Francis M. Donovan, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause comes before the Court on the stipulation filed by the parties hereto. The stipulation and complaint indicate that this is a claim for breach of a construction contract between Newberg Construction Co. and Del Construction Co., a joint venture (Claimant), and the State of Illinois, by the Illinois Building Authority (Respondent).

The contract in question was executed on May 20, 1970, for the construction of Phase IA of the Illinois Central College in East Peoria, Illinois (project). The Claimant was to perform services as a general contractor on the project.

Part of Claimant's responsibilities under the contract was the installation of a roof on the project pursuant to

the plans and specifications therefor as issued by the project architect. After completion of the roof, leaks developed.

The Respondent and the project architect directed Claimant to repair, restore and replace the roof to the extent necessary to produce a weatherproof and water-tight roof. Claimant did so at a cost of $187,637.86.

Before considering the merits of the claim herein, the Court on its own motion shall consider the question of jurisdiction. As indicated, this matter began in the circuit court. The question remains whether the Court of Claims has jurisdiction to decide a case involving the Illinois Building Authority.

The claim herein was filed in the Court of Claims following the entry of an order by Judge Gilberto in the Circuit Court of Cook County on October 17, 1978, dismissing that part of the circuit court lawsuit involving the Illinois Building Authority. In doing so, the judge relied on the First District Appellate Court's ruling in *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.

In *Talandis*, a suit had been filed against the Illinois Building Authority (IBA) arising out of an alleged breach of a construction contract for the construction of a small animal clinic complex for the Champaign-Urbana campus of the University of Illinois. After a bench trial in circuit court, a judgment for Talandis was entered in the amount of $437,841.81.

Both sides filed an appeal. During the pendency of the appeal but after oral arguments, the IBA filed with the appellate court additional authority relating to the lack of jurisdiction in the circuit court to consider a case involving the IBA. It was the IBA's position that it was a

State agency and, as such, could only be sued in the Illinois Court of Claims. The appellate court agreed.

Citing the Capital Development Board Act (Ill. Rev. Stat. 1983, ch. 127, par. 771 *et seq.*), the court noted that that legislation specifically defined the term "State agency" to include the IBA (Ill. Rev. Stat. 1983, ch. 127, par. 773).

The court went on to hold that "the (Capital Development Board) Act's declaration that IBA is a State agency implied that actions against IBA founded in contract had to be pursued in the Court of Claims". 60 Ill. App. 3d 715, 717, 377 N.E.2d 237, 241.

There can be no dispute that this Court has jurisdiction over this claim. Furthermore, there can be no misunderstanding that the IBA is, in fact and law, a State agency.

In its complaint, Claimant alleged that the work which it was directed to perform by Respondent constituted a change in the work and, therefore, an extra under the provisions of the contract. It has been stipulated by the parties that the new roof which Claimant was directed to install was of a different design than originally specified by the project architect.

However, the parties have stipulated that there is no evidence to indicate that the Claimant did not adhere to the plans and specifications issued by the project architect for the installation of the original roof. Taken conversely, the Court interprets this stipulation as meaning that the original roof was installed pursuant to the plans and specifications but that leaks developed anyway. The Court deems this to be a significant admission on the part of the Respondent.

It is hornbook law that an owner, in this case the

IBA, in a construction situation necessarily impliedly warrants that the plans and specifications are possible to perform, are adequate for performance and are free from defects. *United States v. Spearen* (1918), 248 U.S. 132.

Here the Claimant installed a roof according to the plans and specifications, for which it had no responsibility in terms of preparation, only to be ordered to install a second roof when the first one failed. By awarding the work to Claimant, the IBA had warranted that the roof, if built as designed, would be adequate. That is, such a roof would be weatherproof and watertight. Clearly, it was not.

We, therefore, find that the IBA breached its contract with the Claimant insofar as the implied warranty of the design of the roof is concerned. While the IBA had every right to insist that the roof be weatherproof and watertight, the Claimant had a right to rely on the IBA's plans and specifications to produce such a roof.

By directing the Claimant to install a second roof which was substantially different in design than the first roof, the IBA became obligated to pay Claimant for this work which was not contemplated by the Claimant at the time it submitted its bid on this project.

Any other conclusion would result in the contractor being an insurer of plans and specifications for construction for which it had no responsibility in the first place. The field of contract law does not include such a result.

We, therefore, concur with the parties hereto that an award should be entered in Claimant's favor.

It is hereby ordered that Claimant be awarded the sum of $32,500.00 (thirty two thousand five hundred

dollars and no cents) in full and complete satisfaction of any and all claims embodied in the complaint herein.

Award granted.